IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> EDWARD CULTON, <br><br> Defendant. | CRIMINAL ACTION FILE <br><br> NO: 1:18-cr-168-TCB-2 |

**O R D E R**

This case comes before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation (the "R&R") [79], which recommends denying Defendant Edward Culton's motion [69] to suppress evidence. Culton has filed objections [82] to the R&R. He also objects to the magistrate judge's order (contained within the R&R) denying his motion [68] for disclosure of the name(s) and location(s) of confidential informant(s).

## I. Legal Standard on Review of a Magistrate Judge's R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. A district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (A judge must "give fresh consideration to those issues to which specific objection has been made by a party."). Those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681

---

to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## II. Objections to Order

When a party objects to a magistrate judge's order on a nondispositive matter, the Court "must consider timely objections and modify or set apart any part of the order that is contrary to law or clearly erroneous." FED. R. CRIM. P. 59(a). Culton objects to Magistrate Judge King's order denying his request for the disclosure of the identity of confidential informants used to conduct controlled buys from his co-Defendant, Hubert Nathans.

Culton relies in large part on testimony that was presented in an *ex parte* hearing before the magistrate judge. Culton argues that at the hearing he provided reasons that the CI or CI's may have information regarding Nathans's drug-dealing habits and that he should be able to ask about any prior interactions with Nathans (regardless of whether they dealt with the specific buys at issue). Further, he argues that the conspiracy and substantive counts charged go beyond the January-

4

February 2018 time frame and that he should be entitled to information about Nathans's drug-related activities from the full time-period charged. He contends that the Government likely showed only the usual concerns of retribution.

However, the R&R stated (after having had the benefit of oral argument from both sides) that there were "no non-speculative reasons why the CI/Cis either would be in a position to offer additional information about each controlled buy or would be able to cast any doubt on any testimony that Nathans may offer concerning the source of the controlled substances sold to the CI/CIs." [79] at 4–5.

The Court has reviewed the transcript of Culton's *ex parte* hearing before the magistrate judge and finds no clear error in her conclusion in the R&R. Culton's objection therefore will be overruled, and his request for a hearing will be denied.

### III. Objections to the R&R

Culton also has filed several objections to the R&R, which the Court will review de novo. Specifically, he argues that there were sufficient omissions and misrepresentations in the search warrant

5

affidavit to require a *Franks v. Delaware* hearing. These include (1) the drug use of Alexandra Lagouros, co-Defendant Hubert Nathans's girlfriend; (2) Lagouros's allegedly false denial that she did not know Nathans was selling drugs; (3) Grant Smith's overdose on Xanax that he purchased in Athens, as opposed to from Nathans; and (4) the description of the address provided by Reeve King as "in the vicinity of" a particular address rather than the specific address. The Court will address these in turn.

Regarding Lagouros's drug use, she did not deny knowing that Nathans was selling drugs until after Judge Larkins issued the search warrant. Culton argues that she already had confessed to being a drug addict and recently overdosing, but that the agent failed to include in his report this information, which was relevant to her credibility. Culton also contends that Lagouros had a motive to minimize Nathans's involvement. He contends that although Lagouros's interview had not yet occurred, in the interview she stated that she had been speaking with the authorities all day and already told them what she knew. Thus, Culton argues that he should be allowed to explore at an

evidentiary hearing whether she had made similar misrepresentations before the interview took place.

The R&R concluded that "inclusion of the information about her drug overdose and use of drugs on one occasion, in light of the other information corroborating her statements during the initial interview, does not undermine the reliability of her statements recounted in the affidavit." [79] at 21. Specifically, the R&R notes that (1) Culton had not demonstrated that any drug usage affected Lagouros's ability to provide accurate information or otherwise affected whether probable cause existed; (2) Lagouros's information was corroborated in an affidavit that independently supported a finding that she was reliable and Reese King's independent statement. The Court agrees. This objection will be overruled.

Regarding Grant Smith, the affidavit stated that following Smith's overdose, King (a friend of Smith's) told officers that he (King) had previously purchased pills from Nathans. Culton argues that the context makes it seem that the information King provided was related to Smith's overdose, but that that does not appear to be true because

7

Smith purchased the drugs on which he overdosed in Athens, not Roswell, where Nathans operated. Thus, Culton contends, the affidavit made King's information seem more probative than it actually was. Knowing the truth, he argues, Judge Larkins likely would have disregarded the information about King.

The R&R considered this argument and concluded that the source of Smith's drugs on the day of his overdose was not material to determining whether probable cause existed, and the affidavit did not refer to the source of the drugs that ostensibly caused Smith's overdose. The Court agrees. This objection also will be overruled.

Regarding the address, Culton contends that including the "in the vicinity of" language made it seem as though the source of the drugs could have been Culton's leased address rather than the neighboring location. The R&R concluded that omitting this language did not affect whether probable cause exists. The Court agrees.

Culton contends that although the R&R considered each of the purported omissions or misrepresentations individually, the Court should consider them together. Having done so, the Court finds, based

8

on the totality of the evidence, that the affidavit established probable cause. *See United States v. Jiminez*, 224 F.3d 1243, 1248 (11th Cir. 2000) (noting that the affidavit is to be evaluated based on the totality of the evidence set forth); *United States v. Miller*, 24 F.3d 1357, 1361 (11th Cir. 1994) (noting that affidavits are not to be judged in a "hypertechnical manner" but instead by using "a realistic and commonsense approach").[2]

Culton's objections are overruled.

## IV. Conclusion

The Court has carefully reviewed the R&R and Culton's objections thereto. Having done so, the Court finds no clear error in the portions of the R&R to which Culton has not objected. *Macort*, 208 F. App'x at 784. Further, the Court finds that Magistrate Judge King's factual and legal conclusions were correct and that Culton's objections have no merit.

---

[2] Culton also argues that the good-faith exception (which the R&R concluded further supported denying Culton's motion) does not apply to *Franks* issues. *See United States v. Leon*, 468 U.S. 897, 923 (1984). However, because the Court concludes that probable cause did exist, it need not reach this argument.

9

Therefore, the Court adopts as its Order the R&R [79]. Culton's motion [69] to suppress is denied.

IT IS SO ORDERED this 16th day of July, 2019.

_____
Timothy C. Batten, Sr.
United States District Judge